JOHN C. DEFRANCO, ESQ. ISB 4953
ELLSWORTH, KALLAS & DEFRANCO, P.L.L.C.
1031 E. Park Blvd.
Boise, ID 83712
Phone: (208) 336-1843
Fax: (208) 345-8945
E-mail jcd@greyhawklaw.com

Attorney for Defendant – Dustin Dalos

UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:19-CR-0122-DCN |
| ) | |
| vs. ) | DECLARATION IN SUPPORT |
| ) | OF MOTION TO REOPEN |
| DUSTIN DEAN DALOS, ) | DETENTION |
| ) | |
| Defendant. ) | |
| _____) | |

JOHN C. DEFRANCO, declares the following to be truthful statements subject to penalty of perjury for false statements:

1) I would ask the Court consider releasing Dustin Dalos pending sentencing.

2) On October 22, 2019, I had a conversation with United State's Probation Officer, Jonathan Skinner, regarding the question of his release.

3) Mr. Skinner was ambivalent regarding the question. His official position was he was not in support of it.

4) He indicated he would be willing to supervise Mr. Dalos if ordered to do so by the Court, but there were certain conditions such as GPS monitoring and his significant other acting as a third party custodian that would need to be in

DECLARATION IN SUPPORT OF MOTION TO REOPEN DETENTION                1

place. His reservation was based on his experience that these conditions do not prevent controlled substance use.

5) Mr. Skinner's official position was shaped by an issue uncovered at the revocation hearing namely, a delay in Mr. Dalos obtaining a substance abuse evaluation.

6) Mr. Skinner addressed the issue in our conversation. Mr. Skinner said Mr. Dalos continuously indicated he did not have a drug problem. This was a source of frustration because if Mr. Dalos presented this information to an evaluator there would be no treatment recommended. Mr. Skinner suspected Mr. Dalos was using, but reasoned an evaluation would be a waste of resources given the circumstances.

7) The delay became moot, when Mr. Dalos was presented with some positive UA history. Mr. Skinner confronted him with his sense he was attempting to avoid detection. Mr. Dalos agreed to avail himself to evaluation and treatment. He obtained his assessment, attended a handful of group and individual counseling sessions and provided some negative tests.

8) Mr. Skinner believes he adequately warned Mr. Dalos there was a reckoning on the horizon.

9) Mr. Dalos has clarity regarding his situation. He completed his PSR interview the day of his plea. He was honest and remorseful. He is amenable to any conditions associated with his release.

10) I believe there is a genuine opportunity for a sentence of probation.

11) The hardship for Mr. Dalos is, he is a homeowner. His inability to provide

has jeopardized the ability to maintain his asset. He was employed continuously while released. Amy Dalos, his partner, is also employed. She is struggling financially. She has agreed to act as a third party contact. She has two sons who live with them in the residence.

Dated this 25th day of October 2019.

        LAW OFFICES OF ELLSWORTH,
        KALLAS & DEFRANCO, P.L.L.C.


        By_____/s/_____
        John C. DeFranco,
        Attorney For Defendant

**CERTIFICATE OF SERVICE**

I CERTIFY that a copy of the foregoing document was served on all parties named below on this 25th day of October 2019.

| | |
|---|---|
| Christopher S. Atwood, A.U.S.A.<br>Office of the United States Attorney<br>Washington Group Plaza, IV<br>800 Park Blvd, Suite 600<br>Boise, ID 83712 | __x_ CM/ECF Filing |

_____/s/_____
Megan Lentz